UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-34(04) |
| | ) | |
| | ) | |
| RACHEL MICHELLE WILCOX, | ) | |
| Petitioner. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's motion for a reduction of sentence, [Doc. 637]. The defendant requests a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 as amended by Amendments 780 and 782 to the United States Sentencing Guidelines. The United States has responded and acknowledges the defendant is eligible for a reduction in sentence but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Doc. 652]. The motion will be GRANTED.

The defendant was convicted of participating in a conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). She was held accountable for 57000 milligrams of oxycodone, resulting in a base offense level of 26. The base offense level was increased by two levels for maintaining a dwelling for the purpose of manufacturing or distributing a controlled substance and decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in a total offense level of 25. The defendant's criminal history category was IV, resulting in an advisory guidelines range of 84 months to 105 months. The United States filed a motion for downward departure pursuant to USSG § 5K1.1, which the Court granted and ultimately sentenced the defendant to 66 months' imprisonment.

1

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If he is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances. *Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 Fed. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is

2

permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, cmt. (n. 1(B)(ii)-(iii)). Thus, the district court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, cmt. n. 1(B)(ii)).

One other factor is relevant to the instant motion. Ordinarily, a defendant's sentence may not be reduced to a term "less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). But where, as here, the defendant previously received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities," the Court has authority to grant a reduction "comparably less than the amended guideline range." USSG § 1B1.10(b)(2)(B). It is perfectly logical that the extent of the reduction should be determined based on the extent of assistance. At the time of her sentencing, the defendant received a 21-percent reduction from the bottom of her guidelines range for her substantial assistance to the government.

Applying Amendment 782 lowers the defendant's base offense level from 26 to 24. With the appropriate increase for maintaining a dwelling and decrease for acceptance of responsibility, the defendant's amended total offense level becomes 23. A total offense level of 23 combined with a criminal history of IV results in an amended guidelines range of 70 to 87 months. The defendant requests a reduced sentence of 52 months but does not explain how this requested sentence was calculated. The government acknowledges that the defendant is eligible to receive a sentence as low as 55 months, 21-percent below the bottom of her amended guideline range of 70 to 87 months. The Court agrees with the government's calculation of the defendant's substantial

assistance reduction from the amended guideline range.  Therefore, the defendant's motion, [Doc.

637], is GRANTED, and her sentence will be reduced to a term of 55 months.

    ENTER:


                                           s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE